Affirmed and Memorandum Opinion filed August 16, 2011.

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00311-CV



 

DONALD CONRAD LEMPAR, Appellant

V.

Stephen A. nicholas and
philip bOZzo, jr., Appellees

 



On Appeal from the 73rd District
Court 

Bexar County, Texas

Trial Court Cause No. 2008CI009818



 

MEMORANDUM OPINION

            Appellant,
Donald Conrad Lempar, appeals a summary judgment in favor of appellees, Stephen
A. Nicholas and Philip Bozzo, Jr., in Lempar’s legal-malpractice case based on
appellees’ representation of Lempar on several criminal charges.  In his sole
issue, Lempar contends the trial court erred by denying his motion to stay the
present case, including disposition of appellees’ motions for summary judgment,
pending resolution of Lempar’s application for writ of habeas corpus relative
to his criminal convictions.  We affirm.

Background

            In 2004, a
jury in Bexar County, Texas convicted Lempar of two counts of aggravated sexual
assault of a child and two counts of indecency with a child by contact.  Appellees
represented Lempar on those charges.  In light of the criminal district court’s
rulings concerning the concurrent or consecutive operation of the various sentences
assessed by the jury, the court essentially ordered confinement for a total of twenty
years.  In 2005, the San Antonio Court of Appeals affirmed Lempar’s convictions. 
In 2006, the Texas Court of Criminal Appeals refused his petition for
discretionary review.  In June 2007, Lempar filed an application for writ of
habeas corpus in the criminal district court.

            In June 2008,
Lempar filed the present legal-malpractice case against appellees alleging they
were negligent in their representation of Lempar on the criminal charges.  Appellees
filed separate but substantially similar motions for summary judgment.   Appellees
presented a traditional ground, asserting Lempar’s criminal conduct was the
sole proximate cause of his injuries and damages.  Appellees also asserted
Lempar had no evidence that (1) he had been exonerated of the criminal charges and
(2) appellees’ conduct fell below the applicable standard of professional care. 
Lempar filed both a summary-judgment response and a motion to stay the present case
pending resolution of his habeas-corpus proceeding.

            On February
10, 2010, the trial court signed a final judgment granting summary judgment on
both traditional and no-evidence grounds and ordering that Lempar take
nothing.  The court also denied Lempar’s motion to stay.

Analysis

            Lempar does
not challenge summary judgment on the merits.  Rather, in his sole issue, Lempar
challenges the summary judgment by contending the trial court erred by denying
his motion to stay.

The elements of a legal-malpractice
claim are (1) counsel owed the plaintiff a duty, (2) counsel breached that
duty, (3) the breach proximately caused the plaintiff's injuries, and (4)
damages occurred.  Peeler
v. Hughes & Luce, 909 S.W.2d 494, 496 (Tex. 1995).  In Peeler, the supreme
court held that “plaintiffs who have been convicted of a criminal offense may
negate the sole proximate cause bar to their claim for legal malpractice in
connection with that conviction only if they have been exonerated on direct
appeal, through post-conviction relief, or otherwise.”  Id. at 497–98.   The
court cited public policy concerns that convicts should not profit from their
illegal conduct and allowing civil recovery for convicts would impermissibly
shift responsibility for the crime away from the convict.  Id. at 498. 
Therefore, as a matter of law, it is the illegal conduct rather than counsel’s negligence
that is the cause in fact of any injuries flowing from the conviction unless it
has been overturned.  Id.

 Lempar
suggests that ultimately he will be exonerated via the habeas-corpus proceeding
and there will be no sole-proximate-cause bar to prosecuting his negligence
case against appellees.  Therefore, citing Peeler, Lempar contends the
trial court abused its discretion by adjudicating the motions for summary
judgment rather than staying this case pending resolution of the habeas-corpus
proceeding.  

            However, any ultimate
exoneration would negate only two of appellees’ three summary-judgment grounds:
(1) appellees’ traditional ground was based on the sole-proximate-cause bar;
and (2) by stating Lempar had no evidence he had been exonerated of the
criminal charges, appellees essentially challenged the proximate cause element of
Lempar’s negligence claim by suggesting he was the sole proximate cause of his
damages.  

As another independent ground, appellees
asserted Lempar had no evidence that appellees’ “conduct fell below the
applicable standard of professional care,” thereby challenging the breach
element of the negligence claim.  Disposition of this ground did not depend on
whether Lempar is exonerated.  Even if Lempar were ultimately exonerated, he
would be required to prove appellees breached the standard of care.  See id.
at 496.  Exoneration would merely negate the sole-proximate-cause bar to Lempar’s
negligence claim and allow him the opportunity to prove any alleged breach
caused his injuries.  See id. at 497–98.

Therefore, the trial court acted
within its discretion by at least considering the no-evidence ground relative
to the breach element irrespective of the pending habeas-corpus proceeding.  In
fact, in his motion to stay and on appeal, Lempar has offered no reason that
the trial court should have indefinitely delayed consideration of this
no-evidence ground pending resolution of the habeas-corpus proceeding when its
outcome would not be dispositive of this ground.  Accordingly, Lempar has not negated
summary judgment on this no-evidence ground by demonstrating that the trial
court abused its discretion by refusing to stay the case.  Lempar does not
challenge the summary judgment on the merits.  Consequently, we must uphold the
summary judgment on this no-evidence ground.  Wohlstein v. Aliezer, 321
S.W.3d 765, 772 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (recognizing
appellate court must uphold judgment if appellant does not challenge and negate
every ground on which summary judgment could have been granted).  Accordingly,
we need not decide whether the trial court erred by also granting summary
judgment on the grounds that were related to the sole-proximate-cause bar
instead of staying consideration thereof pending resolution of the habeas-corpus
proceeding.  See id.

We overrule appellant’s sole issue
and affirm the trial court’s judgment.

                                                

 

                                                                                    

            /s/        Charles W. Seymore

                                                                                    Justice

 

Panel
consists of Justices Anderson, Seymore, and McCally.